UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| **TIMOTHY ADKINS and COLLEEN A. ADKINS,** *His Wife,* **and WILLIAM WILSON**<br><br>    **Plaintiffs,**<br><br>V.<br><br>**TQT, LLC and VASKO KITESKI**<br><br>    **Defendants.** | CIVIL ACTION NO. 6:21-167-KKC<br><br><br><br>**OPINION AND ORDER** |

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on defendants TQT LLC and Vasko Kiteski's joint motions for partial summary judgment (DE 44, 46) and motion for summary judgment (DE 45) and TQT LLC's individual motion for partial summary judgment (DE 43). Plaintiffs have filed no responses in opposition to these motions. For the reasons stated herein, the defendants' motions for summary judgment and partial summary judgment are GRANTED.

                  I.      Background

On December 21, 2019, plaintiff Timothy Adkins was driving his 2007 Toyota Sienna van north on Interstate 75 with plaintiff William Wilson as his passenger. (DE 1 at 2.) As traffic ahead slowed, Adkins came to a stop to match the flow of traffic. (*Id.*) Defendant Vasko Kiteski was operating a 2013 Mack tractor-trailer owned by defendant TQT, LLC and struck Adkins' vehicle in the rear. (*Id.*)

Plaintiff Timothy Adkins brought negligence claims against both Kiteski and TQT, LLC, and his wife Colleen Adkins brought a loss of consortium claim.

1

Passenger Wilson also brought a separate suit against Kiteski and TQT that was consolidated with the Adkins' suit. (DE 27.)

Defendants filed four motions for summary judgment/partial summary judgment. (DEs 44-47.) The Court will now consider these motions in turn.

## II. Analysis

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden and must identify "those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citation and quotation marks omitted). All evidence, facts, and inferences must be viewed in favor of the non-moving party. *See McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "In order to defeat a summary judgment motion, . . . [t]he nonmoving party must provide more than a scintilla of evidence," or, in other words, "sufficient evidence to permit a reasonable jury to find in that party's favor." *Van Gorder v. Grand Trunk W. R.R., Inc.*, 509 F.3d 265, 268 (6th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

### A. Loss of Consortium Claim

Defendants request summary judgment on Colleen Adkins' loss of consortium claim because the claim is barred by the statute of limitations. (DE 45.) The Court agrees with defendants that the claim is barred and grants summary judgment in favor of defendants on the loss of consortium claim. Additionally, plaintiff has not responded to the motion and has therefore abandoned this claim. *See Nathan v. Great Lakes Water Auth.*, 992 F.3d 557, 564 n.1 (6th Cir. 2021) (citing *Brown v. VHS*

*of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("When a litigant fails to address a claim in response to a motion for summary judgment, that claim is deemed abandoned or forfeited.")).

### B. Negligent Hiring, Supervision, and Training Claims Against TQT, LLC

Next, defendant TQT, LLC seeks partial summary judgment on the negligent hiring, training, and supervision claims brought against it. (DE 43.) The Court has read TQT's briefing on the matter and agrees with its analysis. Additionally, plaintiffs have not responded to the motion and have therefore abandoned this claim. *Brown*, 545 F. App'x at 372. Accordingly, the Court grants partial summary judgment in favor of TQT, LLC on the negligent hiring, training, and supervision claims.

### C. Plaintiffs' Damages for Future Earnings, Lost Wages, Future Medical Expenses, and Future Pain and Suffering

Defendants also request the Court to prohibit Timothy Adkins from seeking damages for future medical expenses, future earnings, and future pain and suffering (DE 46) and passenger Wilson from seeking damages for future earnings, future medical expenses, and lost wages. (DE 44.) The Court has read the defendants' briefing and agrees with their analysis. Additionally, plaintiffs did not object to defendants' motions for partial summary judgment and therefore abandoned their claims for these types of damages. *Brown*, 545 F. App'x at 372. Therefore, the plaintiffs will not be able to seek these damages at trial.

### III. Conclusion

The Court hereby ORDERS as follows:

1. Defendants' motion for summary judgment on Colleen Adkins' loss of consortium claim (DE 45) is GRANTED and judgment is entered in favor of defendants on Colleen Adkins' claim for damages for loss of consortium.

2. Colleen Adkins is DISMISSED as a party to the action;

3. Defendant TQT, LLC's motion for partial summary judgment on the negligent hiring, supervision, and training claims (DE 43) is GRANTED and judgment is entered in favor of TQT, LLC on this claim;

4. Defendants' motions for partial summary judgment to exclude certain damages (DE 44, 46) are GRANTED and judgment is entered in favor of defendants on Adkins' and Wilson's claims for future medical expenses, future earnings, future pain and suffering, and lost wages;

5. Plaintiff Adkins is prohibited from seeking damages for future medical expenses, future earnings, and future pain and suffering at trial;

6. Plaintiff Wilson is prohibited from seeking damages for future medical expenses, lost wages, and future earnings at trial.

This 18th day of January, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY