UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| TIMOTHY ADKINS and WILLIAM WILSON,<br><br>        Plaintiffs,<br><br>V.<br><br>TQT, LLC and VASKO KITESKI,<br><br>        Defendants. | CIVIL NO. 6:21-167-KKC<br><br><br>**OPINION & ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendants' objections to Plaintiffs' witness and exhibit lists. (DE 59.) For the reasons stated herein, Defendants' objections are sustained.

### A. Colleen Adkins' Testimony

Defendants objected to Colleen Adkins' testimony to the extent it concerns her loss of consortium claim, which the Court has dismissed on summary judgment. Plaintiffs agreed and stated such evidence would not be presented. (DE 60.)

### B. Officer Mike Taylor's Testimony

Defendants also objected to any testimony by witness Officer Mike Taylor, the investigating officer at the scene of the accident. Since Defendants have stipulated to liability, they contend that any testimony by Officer Taylor would be irrelevant. Plaintiffs agreed to the testimony's irrelevance and stated they would not present him as a witness. (DE 60.)

### C. Linda Jones' Testimony

Defendants object to Plaintiffs' use of Linda Jones as an unavailable witness testifying via video. Defendants conducted a discovery deposition of Jones at Plaintiff's counsel's office

in May 2023. During that deposition, only Defendants' counsel asked Jones questions. Plaintiff did not ask questions, nor did Defendants cross examine Jones. Plaintiffs are now seeking to use Defendants' deposition of Jones as trial testimony because Jones will be out of state at the time of trial.

Defendants make several arguments against Plaintiffs' use of this testimony. First, they argue that, to the extent their discovery deposition is considered cross-examination, it is beyond the scope of Plaintiffs' non-existent direct examination in violation of Federal Rule of Evidence 611(b). ("Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility.") Second, Defendants contend that Plaintiffs have not met their burden of demonstrating that Jones qualifies as an unavailable witness under Federal Rule of Civil Procedure 32(a)(4). They argue that the only possible applicability under the Rule is that Jones will be more than 100 miles away from the trial under Rule 32(a)(4)(B). This exception, however, does not apply if the offering party procured the witness's absence. Defendants argue that Plaintiffs have not met their burden of proving they did not procure Jones' absence as they have merely stated that she will be out of the state and have not explained any surrounding circumstances of her absence. Third, Defendants assert that the use of the Defendants' deposition by the Plaintiffs would be confusing to the jury because it may appear as though the Defendants agree with the opinions of Jones.

The Court has discretion over whether to allow Plaintiffs to use Jones' deposition at trial. *Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990). The Court finds that Jones deposition testimony should not be admitted. Federal Rule of Civil Procedure 32 governs the use of depositions in court proceedings. Courts have concluded that Rule 32(a)(4)(B) operates as an independent exception to the hearsay rule. *Fletcher v. Tomlinson*, 895 F.3d

2

1010, 1020 (8th Cir. 2018). Therefore, if Plaintiff can satisfy the requirements of Rule 32(a)(4)(B), Plaintiff need not satisfy the requirements of Rule 804. *Id.* at 1021. Under Rule 32(a) the party seeking to admit a deposition must prove that the requirements of the rule have been met. *See, e.g., Jauch v. Corley*, 830 F.2d 47, 50 (5th Cir.1987); *Rascon v. Hardiman*, 803 F.2d 269, 277 (7th Cir.1986).

In this case, the only potential application of the rule is in 32(a)(4)(B). There, a party may use the deposition of a witness if the witness is more than 100 miles from the place of trial unless it appears that the witness's absence was procured by the offering party. Plaintiffs claim Jones will be travelling out of state for the month of February, but they do not provide crucial information on whether that was known to Plaintiffs at the time of the deposition or how long they have known she would be out of town at the time of trial. Without additional information, the Plaintiffs have not shown that they did not procure Jones' absence. Because of this, the Court finds that Plaintiffs have not met their burden to prove the requirements of Rule 32.

Since Rule 32 is inapplicable, the Court will next analyze whether a hearsay exception under Federal Rule of Evidence 804 applies. *Niles v. Owensboro Med. Health Sys., Inc.*, No. 4:09-CV-00061, 2011 WL 3439278, at *4 (W.D. Ky. Aug. 5, 2011) ("Because the Court finds the deposition testimony admissible under Rule 32(a)(4)(B), Rule 804 is not relevant to the analysis."). This Rule allows former testimony to come in under certain circumstances where the declarant is absent from the trial or hearing and the statement's proponent has not been able, *by process or other reasonable means*, to procure the declarant's attendance. Fed. R. Evid. 804(a)(5) (emphasis added). Here, Plaintiffs have simply stated that Jones will be travelling out of state during the month of February. (DE 60.) They have not pointed to any attempts to procure Jones' attendance. Without any evidence of reasonable means,

the Court cannot say that this exception to the rules against hearsay applies.

The Court also finds that allowing Plaintiffs to use Jones' deposition would be unfair to Defendants and go against public policy. Plaintiffs had the opportunity to depose Jones at the May 2023 discovery deposition and chose not to do so. Importantly, Plaintiff represents that this is an expert witness whose trial deposition could have been taken weeks, if not months, ago. Their use of Defendants' deposition now would be prejudicial to the Defendants and deny them the opportunity to cross-examine. Further, allowing the Plaintiffs to decline examination of Jones then later use the Defendants' work would contravene the open spirit of discovery and encourage surreptitious strategies by parties. Accordingly, the Court will not allow Plaintiffs to introduce Jones' deposition testimony.

For the reasons stated above the Court hereby ORDERS

1. Colleen Adkins's testimony regarding her loss of consortium claim is EXCLUDED;
2. The testimony of Officer Mike Taylor is EXCLUDED; AND
3. The deposition of Linda Jones is EXCLUDED.
4. If parties wish to mediate, they should contact the chambers of Magistrate Judge Hanly Ingram.

February 7, 2024



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY